UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RENEE HAIGH and MATTHEW MACRI

                                    Plaintiffs,

v.                                                 Civil Action No. _____

NATIONAL CREDIT WORKS, INC.,

                                    Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Renee Haigh is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Matthew Macri is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3). Plaintiff Matthew Macri is the son of Plaintiff Renee Haigh.

6. Defendant National Credit Works, Inc., (hereinafter "National") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. That Plaintiff Matthew Macri incurred a credit card debt. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff Matthew Macri thereafter defaulted on the subject debt.

13. That upon information and belief, Defendant was employed by the current creditor to collect on the subject debt.

14. That in or about May, 2009, Defendant attempted to contact Plaintiff Matthew Macri, and called Plaintiff Renee Haigh's home. Defendant said they were looking for Plaintiff Matthew Macri because he owed a credit card debt. Plaintiff Renee Haigh explained that Matthew was her son, but did not live with her and requested that she stop receiving calls regarding the matter.

15. That on or about May, 2009, Defendant again contacted Plaintiff looking for Plaintiff Matthew Macri. Plaintiff Renee Haigh explained that her son did no live there and told Defendant that she would give him the message, and again asked them not to call her. Defendant caller "Mrs. Cheetum," became very aggressive towards Plaintiff Renee Haigh, called her a "bitch" and used other foul language, and told Plaintiff Renee Haigh that she did not know what she was talking about. Defendant continued questioning Plaintiff Renee Haigh and continued to inquire about why Plaintiff Matthew Macri was not paying his debts. Plaintiff Renee Haigh terminated the conversation.

16. Defendant continued to call and leave messages for Plaintiff Matthew Macri on the answering machine of Plaintiff Renee Haigh's telephone throughout the summer of 2009.

17. In or about August, 2009, Defendant again contacted Plaintiff Renee Haigh. Plaintiff Renee Haigh answered the telephone. During the conversation Defendant stated that the "legal department" was calling, and disclosed the amount of Plaintiff Matthew Macri's debt.

18. That in or about September, 2009, Defendant called Plaintiff Renee Haigh and left messages stating who they were and giving a case number regarding Plaintiff Matthew Macri's debt.

19. That in or about September, 2009, Plaintiff Renee Haigh returned Defendant's calls and spoke with an unidentified representative. Plaintiff Renee Haigh explained that Plaintiff Matthew Macri was her son but did not live with her. Plaintiff specifically asked Defendant to tell her how many times she requested that Defendant stop calling her house. Defendant became very quiet and stated he was not aware that she had made that request. Plaintiff Renee Haigh then told Defendant that she has told them multiple times not to call her house and again requested they immediately take her number out of their system because it is not her debt and that she was not going to pay it.

20. During the same telephone call as is reiterated in Paragraph 19, Defendant demanded Plaintiff Matthew Macri's phone number, and Plaintiff Renee Haigh refused to provide it. Defendant became very upset and aggressive towards Plaintiff Renee Haigh for expressing her rights and told her she was being "ridiculous." Defendant then said that it is the family's obligation to help the debt collector find the debtor, that the family needs to protect the debtor by getting him in touch with the debt collectors, or else there will be a judgment against him that will ruin his record. Plaintiff Renee Haigh again told Defendant to remove her number from their system. Plaintiff Renee Haigh then stated that if Defendant called her again she would be contacting her attorney because she is retired and disabled and that the phone calls upset her. Defendant began to laugh at Plaintiff Renee Haigh and then hung up on her.

21. That as a result of the multiple and harassing nature of Defendant's calls to Plaintiff Renee Haigh, she was forced to change her phone number.

22. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer when Defendant called Plaintiff Renee Haigh a "bitch" and used other extremely foul language.

    B. Defendant violated 15 U.S.C. §1692b(3), and 15 U.S.C. §1692d by continuing to contact Plaintiff Renee Haigh, who is a third party, without being requested they do so. The natural consequence of such conduct is to harass, oppress, and abuse the Plaintiff, Renee Haigh.

    C. Defendant violated 15 U.S.C. §1692e by telling Plaintiff Renee Haigh it was her job to help the debtor and the debt collector by providing information as to debtor's whereabouts. Said statements by Defendant were false, deceptive, and misleading statements in connection with debt collection.

    D. Defendant violated 15 U.S.C. §1692f by continuing to call Plaintiff, Renee Haigh, who did not owe a debt. As such Defendant's actions were and unconscionable and unfair means to attempt to collect a debt.

    E. Defendant violated 15 U.S.C. §1692(b)(2), 15 U.S.C. §1692(b)(3), and 15 U.S.C. §1692c(b) by disclosing Plaintiff Matthew Macri's debt to a third party, by making such disclosure multiple times, and by contacting third parties other than the consumer, consumer's attorney, or credit bureau concerning the debt.

    F. Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken when they threatened to take a judgment against Plaintiff Matthew Macri.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: January 19, 2010

      /s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com